USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL R. KINNEY,

                        Plaintiff,

-against-

ARTIST & BRAND AGENCY L.L.C. et al.,

                        Defendants.

---

13cv08864 (LAK) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      There are two discovery disputes presently before this Court: (1) a dispute as to whether, after terminating his deposition, Plaintiff should be required to appear for a continuation of the deposition and to bear any fees and costs incurred by Defendants as a result of the purportedly premature termination, and (2) a dispute as to whether Plaintiff should be required to produce his tax returns to Defendants. The Court having considered the parties' arguments on both of these points, it is hereby ORDERED as follows:

      1.     Defendants' application to compel Plaintiff to appear for further deposition questioning is denied, as is Defendants' related request to compel Plaintiff to pay certain fees and costs associated with ending his deposition when he did. Defendants apparently deposed Plaintiff for six hours on October 27, 2014, and then for one additional hour on December 19, 2014, after which Plaintiff's counsel stated that he considered the deposition to have been completed. Although Defendants' counsel now states that Plaintiff's counsel had previously agreed to allow Defendants to exceed the seven-hour limit imposed by Rule 30(d)(1) of the Federal Rules of Civil Procedure, Defendants have made no showing that the parties ever had

such an agreement.[1] Further, Defendants have made no showing that additional time is needed to examine Plaintiff fairly, or that the deposition was impeded or delayed by any conduct of Plaintiff or his counsel, such that a Court order allowing more time would be warranted under Rule 30. Under the circumstances, this Court sees no basis to extend Plaintiff's deposition or to award Defendants any fees or costs.

2. With respect to the Plaintiff's tax returns, this Court finds that the deposition excerpts that have been submitted by the parties reflect consistent testimony by Plaintiff that he received no income from sources other than Defendants during the period that he performed work or services for them, and thus those particular excerpts suggest no reason why production of Plaintiff's tax returns would be appropriate. *See Malinowski v. Wall Street Source, Inc.*, No. 09cv9592 (JGK) (JLC), 2011 WL 1226283, at *4 (S.D.N.Y. Mar. 18, 2011) (declining to order production of plaintiff's tax returns where defendants had failed to demonstrate that they were unable to obtain the information through less intrusive means, or that other discovery reflected inconsistencies "so as to require verification"). The submitted deposition testimony also shows little inconsistency on the question of whether Plaintiff had any unreimbursed business expenses during that same period, although Plaintiff could not recall whether he had

---

[1] On this point, the Court notes that, while Defendants state that Plaintiff's counsel agreed to this at the end of the October 27 deposition day (*see* Letter to the Court from Michael K. Chong, Esq., dated Dec. 31, 2014 (Dkt. 33), at 3), Defendants have not submitted any evidence of this to the Court. Indeed, the only language that Defendants' counsel quotes to this effect (*see id.* at 3-4) is his own self-serving statement from December 19th, not a statement by Plaintiff's counsel, who, at that time, actually stated the contrary (*see* Dkt. 33-1, at 8-9). Furthermore, while Defendants' counsel also states, in his letter to the Court, that, during a telephone conference conducted by this Court on November 18, 2014, "Plaintiff's counsel confirmed that he would produce his client for the entire day scheduled for December 19, 2014" (Dkt. 33, at 4), this Court has checked the recording of that call, and, at that conference, the only statement on the record related to this issue was again made by Defendants' own counsel, who merely stated that Plaintiff's counsel had agreed "to complete" the deposition.

2

listed any business expenses on his tax returns. This, at best, provides only slim support for the production of the tax returns. *See id.* Nonetheless, having considered the substance of the parties' underlying contentions more fully, this Court concludes that, at least for discovery purposes, the question of whether, in his tax returns, Plaintiff held himself out as having his own business is relevant to Defendants' affirmative defense that Plaintiff worked for Defendants as an "independent contractor," rather than as an "employee." (*See* Answer to Amended Complaint, dated Dec. 22, 2014 (Dkt. 16), at 19 ¶ 23; *see also Chiquelin v. Efunds Corp.,* No. 02cv5152 (LAP) (DFE), 2003 WL 21459581, at *3 (S.D.N.Y. June 24, 2003) (directing production of any "Schedule C" that might indicate that plaintiff was self-employed during relevant period).) Accordingly, no later than two weeks from the date of this Order, Plaintiff is directed to produce to Defendants any Schedule C to I.R.S. Form 1040 that Plaintiff may have filed for any year in which he performed work or services for Defendants. No other portions of Plaintiff's tax returns need be produced, and, if Plaintiff did not file a Schedule C for any of the relevant years, then no production of tax documents need be made.

3. If Plaintiff seeks confidentiality protection for the disclosure described in paragraph 2, above, then counsel should confer and jointly propose an appropriate confidentiality order to the Court. If no confidentiality order has been entered by the time production is made, then, pending the entry of such an order, all parties should treat any produced tax documents as confidential, should not disclose them to anyone other than the parties to this case, their counsel,

Case 1:13-cv-08864-LAK-DCF Document 39 Filed 01/12/15 Page 4 of 4

or the Court, and should not use them for any purpose other than for the prosecution or defense of this action.

Dated: New York, New York
       January 12, 2015

                                SO ORDERED

                                _____
                                DEBRA FREEMAN
                                United States Magistrate Judge

Copies to:

All counsel (via ECF)

4